UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| HUU NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 16-CV-05591-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

Plaintiff Huu Nguyen ("Plaintiff") sues Defendant Nissan North America, Inc. ("Nissan" or "Defendant") for causes of action arising out of Nissan's allegedly deceptive sale of vehicles containing a defective manual transmission. ECF No. 35 (First Amended Complaint, or "FAC"). Before the Court is Nissan's motion to dismiss. ECF No. 36 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss.

**I.  BACKGROUND**

**A.  Factual Background**

Plaintiff seeks to represent a class of consumers who purchased or leased any Nissan vehicle equipped with the FS6R31A manual transmission. FAC ¶ 1. These vehicles include the Nissan 350Z, model years 2007-2009; the Nissan 370Z, model years 2009-2015; the Infiniti G35, model years 2007-2008; the Infiniti G37, model years 2008-2014; and the Infiniti Q60 (hereinafter, the "Class Vehicles"). *Id.*

### 1. The Clutch Assembly Defect

The FS6R31A manual transmission in Class Vehicles uses a hydraulic clutch system. *Id.* ¶ 8. In a hydraulic clutch system, when the driver depresses the clutch pedal, "fluid pushes from the clutch master cylinder to the slave cylinder, developing hydraulic pressure and ultimately disconnecting the transmission from the engine via the clutch disc to allow for smooth gear shifts." *Id.* The FS6R31A manual transmission utilizes an internal slave cylinder, as opposed to an external slave cylinder. *Id.* The internal slave cylinder is "placed inside the [bellhousing] unit along with the clutch disc, pressure plate, and flywheel." *Id.*

Plaintiff alleges that the FS6R31A manual transmission in Class Vehicles suffers from "a design flaw in the slave cylinder assembly." *Id.* ¶ 12. Specifically, Plaintiff alleges that "the plastic internal cylinder requires excessive manipulation during the [Class Vehicles'] initial assembly in order to fit inside the bellhousing unit," which "caus[es] stress fractures from which hydraulic fluid leaks." *Id.* ¶ 12. "As the stress fractures grow, so does the deprivation of hydraulic fluid from the clutch master cylinder to the slave cylinder, which causes damage to the vehicle's clutch slave cylinder, clutch disc, and pressure plate." *Id.* ¶ 12. This problem "is exacerbated by the slave cylinder's thin composition that is prone to corrosion by constant exposure to hydraulic fluid." *Id.*

This alleged design flaw in the Class Vehicles' slave cylinder assembly (hereinafter, the "Clutch Assembly Defect") causes "the clutch to lose hydraulic pressure and fail to engage/disengage gears." *Id.* ¶ 10. This "causes unsafe conditions, including drivers' inability to shift gears or maneuver the clutch pedal in the Class Vehicles, thereby rendering the vehicles unable to accelerate and decelerate, often while the vehicles are already in motion." *Id.*

### 2. Nissan's Knowledge of the Defect

According to Plaintiff, Nissan "knew or should have known" about the Clutch Assembly Defect "[d]ating back to at least 2008." *Id.* ¶ 15, 49.

Plaintiff alleges that consumers filed complaints with the National Highway Traffic Safety Administration ("NHTSA") regarding the 2007 Nissan 350Z as early as June 2007. *Id.* ¶ 52. In

2

January 2008, Nissan issued a customer service program, "CSP NTB08-002," "for all 2007 Nissan 350Z vehicles. *Id.* ¶ 16. "Nissan discover[ed] 'that on certain 2007 350Z vehicles equipped with the 6-speed manual transmission, the clutch slave cylinder assembly may not have been manufactured properly,'" which "could result in the operating force of the clutch pedal becoming light, and in some cases, could result in improper clutch operation." *Id.* Despite Nissan's customer service program, consumers continued to experience the same clutch issue. *Id.* ¶ 16.

On April 10, 2013, Nissan issued a Technical Service Bulletin "for all 2009-2013 Nissan 370Z vehicles stating that 'the clutch pedal on an applied vehicle does not return to its normal (rested) position after being depressed to the floor.'" *Id.* ¶ 17. "Nissan dealers were instructed to change the clutch hydraulic system fluid for all affected vehicles." *Id.*

Plaintiff alleges that "Nissan knew about and concealed the Clutch Assembly Defect present in every Class Vehicle" from Plaintiff and other class members "at the time of sale, lease, and repair and thereafter." *Id.* ¶ 24. "[I]nstead of repairing the defects in the Manual Transmission, Nissan either refused to acknowledge [the defects'] existence or performed repairs that simply masked the defects." *Id.*

### 3. Plaintiff Nguyen

Plaintiff is a California citizen. *Id.* ¶ 27. On January 20, 2012, Plaintiff purchased a new 2012 Nissan 370Z vehicle from Stevens Creek Nissan in Santa Clara County. *Id.* ¶ 28. "Since purchasing his Nissan 370Z, Plaintiff experienced symptoms of the Clutch Assembly Defect, including the clutch pedal falling to the floor and failing to engage gears." *Id.* ¶ 32. On March 25, 2014, "with approximately 26,629 miles on the odometer, Plaintiff brought his vehicle back to Stevens Creek Nissan" and told Nissan that "the 'clutch fe[lt] soft and st[u]ck[] at the bottom" of the vehicle during normal operation." *Id.* Nissan "inspected the vehicle and verified Plaintiff's complaints." *Id.* Pursuant to Nissan's April 10, 2013 Technical Service Bulletin, Nissan "replaced the vehicle's hydraulic fluid." *Id.* However, this "repair was inadequate" and the problem persisted. *Id.* Nissan then "replaced the vehicle's clutch master cylinder, clutch slave cylinder, and brake tube at the clutch slave cylinder," which required "removal of the entire

3

1  transmission." *Id.*

2  Despite Nissan's repairs, "Plaintiff's vehicle continued to exhibit an unresponsive clutch and failure to engage gears during normal operation." *Id.* ¶ 33. On February 6, 2016, "with approximately 50,000 miles on the odometer, Plaintiff brought his vehicle to" a third-party repair shop, Imperial Motorsports. *Id.* ¶ 33. The service technician at Imperial Motorsports "inspected the vehicle, verified Plaintiff's concern, and replaced the clutch slave cylinder with an identical original equipment manufacturer [] slave cylinder at a cost of $721.75 to Plaintiff." *Id.* ¶ 33.

**B.  Procedural History**

Plaintiff filed a class action complaint against Nissan on September 30, 2016. ECF No. 1. Plaintiff's original complaint sought to represent all persons in the United States who purchased or leased a 2009-2016 Nissan 370Z. ECF No. 1, at ¶ 1. Plaintiff alleged five causes of action against Nissan: (1) violations of California's Consumers Legal Remedies Act ("CLRA"); (2) Violations of California's Unfair Competition Law ("UCL"); (3) Breach of Implied Warranty pursuant to the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"); Breach of Implied Warranty pursuant to the Magnuson-Moss Warranty Act ("Magnusson-Moss Act"); and (5) Unjust Enrichment. *See* ECF No. 1.

On December 14, 2016, Nissan filed a motion to dismiss, which argued that all of Plaintiff's equitable relief claims must be dismissed because Plaintiff has adequate remedies at law. ECF No. 19, at 7.

Plaintiff did not file an opposition to Nissan's motion to dismiss. Instead, on January 25, 2017, the parties stipulated to allow Plaintiff to file a First Amended Class Action Complaint. ECF No. 32. Plaintiff represented that he "believe[d] that he can remedy by amendment the alleged deficiencies in the Complaint." *Id.* at 2. The Court granted the parties' stipulation that same day, and the Court denied as moot Nissan's motion to dismiss the original complaint. ECF No. 33.

On February 1, 2017, Plaintiff filed a First Amended Complaint. *See* FAC. Plaintiff added to the FAC the following vehicles: 2007-2009 Nissan 350Z, 2007-2008 Infiniti G35, the 2008-

4
Case No. 16-CV-05591-LHK
ORDER GRANTING MOTION TO DISMISS

1  2014 Infiniti G37, and the Infiniti Q60. Plaintiff's FAC also added allegations in support of

2  Plaintiff's claim for equitable relief. *See id.* at 66–78. Plaintiff's FAC alleged the same five

3  causes of action against Nissan that Plaintiff alleged in the original Complaint.

4  On February 22, 2017, Nissan moved to dismiss the FAC. *See* Mot. On March 8, 2017,

5  Plaintiff filed an opposition to Nissan's motion to dismiss. ECF No. 38 ("Opp."). On March 22,

6  2017, Nissan filed a Reply. ECF No. 39 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

1  to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose
2  of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or
3  technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).
4  Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith
5  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments
6  previously allowed, undue prejudice to the opposing party by virtue of allowance of the
7  amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d
8  522, 532 (9th Cir. 2008).

## III. DISCUSSION

Nissan moves to dismiss only Plaintiff's claims for equitable relief. Plaintiff seeks under the UCL and Plaintiff's unjust enrichment claim "a restitutionary redesign program" whereby Nissan must "disgorge any profits from the sale of the defective Class Vehicles into a fluid recovery fund used specifically to pay for a program whereby Nissan will develop the fix" to repair the alleged Clutch Assembly Defect. FAC ¶¶ 69, 74. Plaintiff further seeks under the UCL and CLRA an order enjoining "Nissan to redesign [] the [Clutch Assembly] of the Class vehicles which would be covered under warranty and offered at no cost to Class Members." *Id.* ¶ 68. For the reasons discussed below, the Court agrees with Nissan that Plaintiff may not seek this relief because Plaintiff has an adequate remedy at law in the form of Plaintiff's claims for damages.

"[T]here is no right to equitable relief or an equitable remedy when there is an adequate remedy at law." *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015); *see also Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 260 (Cal. Ct. App. Nov. 28, 2011) (explaining "the general principle of equity that equitable relief (such as restitution) will not be given when the plaintiff's remedies at law are adequate"). "[S]everal courts in this district have barred claims for equitable relief—including claims for violations of California consumer protection statutes—at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law." *Munning v. Gap*, 2017 WL 733104, at *5 (N.D. Cal. Feb. 24, 2017). For the reasons discussed below, to the extent that Plaintiff seeks

6
Case No. 16-CV-05591-LHK
ORDER GRANTING MOTION TO DISMISS

equitable relief in the form of "a restitutionary redesign program" and an injunction requiring Defendant to repair and replace Plaintiff's transmission, the Court agrees with Defendant that Plaintiff has an adequate remedy at law. FAC ¶¶ 73–74.

Plaintiff's FAC alleges that Defendant failed to disclose the Clutch Assembly Defect, and that Plaintiff was injured at the time of sale because Plaintiff would not have paid or would have paid less for his vehicle had Plaintiff known about the Clutch Assembly Defect. *See, e.g.*, *id.* ¶ 97. To compensate for this harm, Plaintiff seeks damages under the CLRA, Song-Beverly Act, and Magnusson-Moss Act. *See, e.g.*, *id.* at ¶ 102. At the same time, Plaintiff requests equitable relief in the form of "a restitutionary redesign program" and an injunction compelling Nissan to repair Class Vehicles at no cost to class members. *Id.* ¶¶ 66–76. Plaintiff alleges that Plaintiff is entitled to both because damages are an inadequate remedy to compensate for Plaintiff's alleged harm. *Id.*

However, contrary to Plaintiff's assertions, Plaintiff has an "adequate remedy at law" in the form of Plaintiff's claims for damages. Plaintiff seeks damages to compensate for "the exact same" alleged harm "that forms the basis of" Plaintiff's requests for a restitutionary redesign program and an injunction compelling repair. *Duttweiler*, 2015 WL 4941780, at *9. Several district courts have granted motions to dismiss equitable relief claims under similar circumstances. *See Munning*, 2017 WL 733104, at *5–6 (granting motion to dismiss UCL claim where Plaintiff had claims for breach of contract and breach of express warranty that allowed plaintiff to recover damages); *Bird v. First Alert, Inc.*, 2014 WL 7248734, at *5–6 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim seeking restitution and an injunction "because [plaintiff] has an adequate remedy at law in her claim for damages under the CLRA"); *Durkee v. Ford Motor Co.*, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) (dismissing UCL claim and CLRA claim for injunctive relief because "plaintiffs have an adequate remedy at law for the alleged Song-Beverly Act violation").

Indeed, Plaintiff's claims for equitable relief are the same as the claims that this Court dismissed in *Philips v. Ford Motor Co.*, Case No. 14-CV-02989-LHK (N.D. Cal. Feb. 13, 2015),

7

ECF No. 48, at 11. The plaintiffs in *Philips* alleged that Ford had designed a defective power-steering system, and that Ford failed to disclose this defect to consumers at the point of sale. In addition to compensatory damages, the plaintiffs in *Philips* requested restitutionary disgorgement and an order compelling Defendant to "repair the Defective vehicles." *Id.*, ECF No. 15, at 106; *see also Philips v. Ford Motor Co. ("Philips II")*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015). This Court granted Ford's motion to dismiss Plaintiff's UCL, CLRA injunctive relief, and unjust enrichment claims because the Court held that Plaintiffs had "an adequate remedy at law" available in the form of damages for Plaintiff's claim for fraudulent concealment. Thus, Plaintiff could not receive equitable relief in the form of restitutionary disgorgement and an order compelling repair. ECF No. 50, at 10–11; *see also Philips II*, 2015 WL 4111448, at *16 (dismissing equitable relief claims with prejudice on second motion to dismiss because the plaintiff's amendments failed to allege a lack of adequate remedy at law).

Plaintiff attempts to distinguish this case from *Philips* by arguing that, unlike the plaintiffs in *Philips*, Plaintiff *has* sufficiently alleged that his damages remedies are inadequate. Opp. at 9. The Court disagrees. Plaintiff alleges that "damages are not an adequate remedy where, as here, a workable fix has been identified" by third parties; where restitutionary disgorgement can fund a repair program; and where the Court can compel Nissan to make the repair. FAC ¶¶ 71–72. However, Plaintiff's allegations simply demonstrate that equitable remedies *exist*. Plaintiff fails to explain how damages are inadequate to compensate for Plaintiff's alleged harm, which is that Plaintiff paid more for or would not have paid for his vehicle had Nissan disclosed the defect. *See, e.g.*, *id.* ¶¶ 93–94, 97, 112. Here, as in *Philips*, Plaintiff has an "adequate remedy at law" in the form of damages. *Philips*, Case No. 14-CV-02989-LHK, ECF No. 48, at 11. Accordingly, just as in *Philips*, Plaintiff's claims for equitable relief in the form of a restitutionary redesign program and an injunction compelling repair must be dismissed. *Id.*[1]

---

[1] The "equitable relief" section of Plaintiff's FAC discusses restitution only in the form of a "restitutionary redesign program" in conjunction with Plaintiff's request for an injunction compelling repair. Because the Court concludes that Plaintiff has an "adequate remedy at law" for this form of relief, and because Plaintiff does not appear to request restitution under a different

8
Case No. 16-CV-05591-LHK
ORDER GRANTING MOTION TO DISMISS

As a final matter, although not discussed in the "equitable relief" portion of Plaintiff's FAC, Plaintiff's prayer for relief also requests an injunction preventing "Defendant from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles." FAC ¶ 147(c). To the extent that Plaintiff seeks such an injunction under the UCL and CLRA, the Court agrees with Defendant that Plaintiff lacks Article III standing to enjoin Defendant from future deceptive sales of the Class Vehicles. Specifically, in cases involving false or misleading product advertising, "where a plaintiff has no intention of purchasing the product in the future, a majority of district courts have held that the plaintiff has no standing to seek prospective injunctive relief." *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 970 (N.D. Cal. 2014). "This Court has consistently adopted the majority position that a plaintiff must allege that he or she intends to purchase the products at issue in the future to establish standing for injunctive relief." *Romero v. HP, Inc.*, 2017 WL 386237, at *9 (N.D. Cal. Jan. 27, 2017) (internal quotations and alterations omitted); *see also Rahman v. Mott's LLP*, 2014 WL 325241, at *10 (N.D. Cal. Jan. 29, 2014) ("[T]he Court agrees with defendant that to establish standing, plaintiff must allege that he intends to purchase the products at issue in the future."). The FAC contains no allegations that Plaintiff intends to purchase a Class Vehicle in the future, or indeed any other product from Nissan. *See generally* FAC. Accordingly, Plaintiff's allegations fall short of establishing "[a] real and immediate threat of injury" sufficient to establish Plaintiff's standing to seek an injunction preventing Defendant from further misleading sales of the Class Vehicles. *City of Los Angeles v. Lyons*, 416 U.S. 95, 111 (1983).

In sum, Plaintiff's FAC fails to allege an entitlement to a restitutionary redesign program or injunctive relief. Because the UCL "provide[s] for only equitable relief" in the form of restitution or an injunction, the Court GRANTS Defendant's motion to dismiss Plaintiff's UCL claim. *Duttweiler*, 2015 WL 4941780, at *8 (dismissing UCL claim where plaintiff failed to allege an adequate remedy at law). The Court also GRANTS Defendant's motion to dismiss

---

theory or as an alternative to damages, the Court need not address Defendant's remaining arguments regarding Plaintiff's ability to seek restitution in this case.

9
Case No. 16-CV-05591-LHK
ORDER GRANTING MOTION TO DISMISS

Plaintiff's unjust enrichment claim,[2] which seeks only restitution, and Plaintiff's claim for injunctive relief under the CLRA. *See Philips*, Case No. 14-CV-02989-LHK, ECF No. 48, at 11 (granting motion to dismiss unjust enrichment claim and CLRA injunctive relief claim where plaintiff had an adequate remedy at law). The Court grants Plaintiff leave to amend because Plaintiff may be able to allege facts sufficient to establish an entitlement to equitable relief. *Id.* (granting plaintiffs leave to amend so that plaintiffs could allege an entitlement to equitable relief).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS with leave to amend Defendant's motion to dismiss. Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 11, 2017

_____
LUCY H. KOH
United States District Judge

---

[2] Plaintiff's claim for unjust enrichment is also subject to dismissal without prejudice because Plaintiff brings this common law cause of action on behalf of a nationwide class, but Plaintiff does not specify which state's (or states') law Plaintiff intends to apply to this cause of action. "[C]ourts in this district have held that, due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Romero v. Flowers Bakeries LLC*, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016). "If Plaintiffs re-plead this claim, they must identify which State's or States' law they rely upon" in order to put Defendant on adequate notice of the claims against it. *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008).