1  MICHAEL J. STORTZ (SBN 139386)
   michael.stortz@dbr.com
2  MARSHALL L. BAKER (SBN 300987)
   marshall.baker@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA  94105-2235
   Telephone:     (415) 591-7500
5  Facsimile:     (415) 591-7510

6  E. PAUL CAULEY, JR. (admitted *pro hac vice*)
   paul.cauley@dbr.com
7  Drinker Biddle & Reath LLP
   1717 Main Street., Suite 5400
8  Dallas, TX 75201
   Telephone:     469.357.2500
9  Facsimile:     469.327.0860

10 Attorneys for Defendant
   Nissan North America, Inc.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 HUU NGUYEN, individually, and on        Case No. 5:16-cv-05591-LHK (NCx)
   behalf of a class of similarly situated
16 individuals,                            **DEFENDANT NISSAN NORTH
                                           AMERICA, INC.'S ANSWER TO
17                   Plaintiff,            PLAINTIFF'S FIRST AMENDED
                                           COMPLAINT, DEFENSES AND JURY
18 v.                                       DEMAND**

19 NISSAN NORTH AMERICA, INC., a
   California corporation,
20
                     Defendant.
21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND                                CASE NO. 5:16-cv-05591-LHK (NCx)

## ANSWER

Defendant Nissan North America, Inc. ("NNA"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8(b), answers the First Amended Complaint ("FAC") of Plaintiff Huu Nguyen ("Plaintiff") as follows:

1. The first sentence in Paragraph 1 of Plaintiff's FAC does not contain any factual allegations and does not require a response. NNA admits that it distributed the 2007-2009 model year Nissan 350Z, 2009-2015 model year Nissan 370Z, 2007-2008 model year Infiniti G35, 2008-2013 model year Infiniti G37 and 2014 model year Infiniti Q60 in the United States, and provided a New Vehicle Limited Warranty for those vehicles. The remaining allegations are denied.

2. NNA denies the allegations in Paragraph 2 of Plaintiff's FAC.

3. NNA denies the allegations in Paragraph 3 of Plaintiff's FAC.

4. NNA denies the allegations in Paragraph 4 of Plaintiff's FAC.

5. Paragraph 5 of Plaintiff's FAC does not contain any factual allegations and does not require a response. NNA denies that Plaintiff or the putative classes have a claim for any of the remedies set forth in Paragraph 5 of the FAC.

## THE DEFECTIVE CLUTCH

6. NNA admits that Paragraph 6 purports to quote from the webpage listed in Footnote 1 of Plaintiff's FAC, but NNA is unable to access that webpage, and therefore lacks knowledge or information sufficient to respond. NNA denies the remaining allegations in Paragraph 6 of Plaintiff's FAC. NNA denies that there is a transmission or clutch defect.

7. NNA admits that in vehicles equipped with a manual transmission, the manual transmission works in conjunction with the other automotive components, including the clutch, in the operation of the automobile.

8. NNA admits that 2007-2009 model year Nissan 350Z, 2009-2015 model year Nissan 370Z, 2007-2008 model year Infiniti G35, 2008-2013 model year Infiniti G37 and 2014 model year Infiniti Q60 vehicles equipped with manual transmissions contained hydraulic clutch systems. NNA admits that in vehicles equipped with a manual transmission, the manual

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND          - 2 -          CASE NO. 5:16-CV-05591-LHK (NCx)

1    transmission works in conjunction with the other automotive components, including the clutch, in

2    the operation of the automobile.  If anything further is intended by the paragraph, it is denied.

3         9.      NNA admits that in vehicles equipped with a manual transmission, the manual

4    transmission works in conjunction with the other automotive components, including the clutch, in

5    the operation of the automobile.  NNA denies that there is a transmission or clutch defect.

6         10.     NNA denies the allegations in Paragraph 10 of Plaintiff's FAC.

7         11.     NNA admits that Paragraph 11 purports to quote from the webpage listed in

8    Footnote 2 of Plaintiff's FAC, but lacks knowledge or information sufficient to form a belief

9    about the truth of the statements quoted therein.  NNA denies the remaining allegations in

10   Paragraph 11 of Plaintiff's FAC.

11        12.     NNA denies the allegations in Paragraph 12 of Plaintiff's FAC.

12        13.     NNA denies the allegations in the first sentence in Paragraph 13 of Plaintiff's

13   FAC.  NNA admits that it has issued Customer Service Programs and Technical Service

14   Bulletins, but denies Plaintiff's characterizations of same.  NNA denies the remaining allegations

15   in Paragraph 13 of Plaintiff's FAC.

16        14.     NNA denies the allegations in Paragraph 14 of Plaintiff's FAC.

17        15.     NNA denies the allegations in Paragraph 15 of Plaintiff's FAC.

18        16.     NNA admits that in or around January 2008, it issued NTB08-002 for some 2007

19   model year 350Z (Z33) Nissan vehicles equipped with 6-speed manual transmissions.  NNA

20   admits that the first sentence in Paragraph 16 of Plaintiff's FAC accurately quotes an excerpt

21   from NTB08-002.  NNA admits that the second sentence in Paragraph 16 of Plaintiff's FAC

22   accurately quotes an excerpt from NTB08-002.  NNA denies the allegations in the third sentence

23   in Paragraph 16 of Plaintiff's FAC.  NNA admits that the fourth sentence in Paragraph 16

24   purports to quote from a webpage listed in Footnote 3 of Plaintiff's FAC, but NNA lacks

25   knowledge or information sufficient to form a belief about the truth of the statements made

26   therein.

27        17.     NNA admits that on or around April 10, 2013, it issued NTB13-026a for 2009-

28   2013 model year 370Z Coupe (Z34 series) and 2010-2013 model year 370Z Roadster (Z34 series)

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

NNA's Answer to Plaintiff's FAC,
Defenses and Jury Demand                - 3 -                Case No. 5:16-cv-05591-LHK (NCx)

vehicles equipped with 6-speed manual transmissions.  NNA refers Plaintiff to NTB13-026a in response to the allegations in the second sentence in Paragraph 17 of Plaintiff's FAC.

18.     NNA admits that on or around April 10, 2013, it issued ITB13-005a for 2008-2013 model year G37 Sedan (V36 series), 2008-2013 model year G37 Coupe (V36 series), and 2009-2013 G37 convertible (V36 series) vehicles equipped with 6-speed manual transmissions.  NNA refers Plaintiff to ITB13-005a in response to the remaining allegations in Paragraph 18 of Plaintiff's FAC.

19.     NNA denies the allegations in Paragraph 19 of Plaintiff's FAC.

20.     NNA denies the allegations in Paragraph 20 of Plaintiff's FAC.

21.     NNA denies the allegations in Paragraph 21 of Plaintiff's FAC.

22.     NNA denies the allegations in Paragraph 22 of Plaintiff's FAC.

23.     NNA admits that 2007-2009 model year Nissan 350Z, 2009-2015 model year Nissan 370Z, 2007-2008 model year Infiniti G35, 2008-2013 model year Infiniti G37 and 2014 model year Infiniti Q60 vehicles equipped with manual transmissions contained a VQ35DE, VQ35HR or a VQ37VHR engine.  NNA denies the remaining allegations in Paragraph 23 of Plaintiff's FAC.

24.     NNA denies the allegations in Paragraph 24 of Plaintiff's FAC.

25.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of Plaintiff's FAC.

26.     NNA denies the allegations in Paragraph 26 of Plaintiff's FAC.

## THE PARTIES

**Plaintiff Huu Nguyen**

27.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of Plaintiff's FAC.

28.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of Plaintiff's FAC.

29.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of Plaintiff's FAC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND         - 4 -         CASE NO. 5:16-cv-05591-LHK (NCx)

30.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of Plaintiff's FAC.

31.     NNA denies the allegations in Paragraph 31 of Plaintiff's FAC.

32.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of Plaintiff's FAC.

33.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of Plaintiff's FAC.

34.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of Plaintiff's FAC.

**<u>Defendant</u>**

35.     NNA admits that it is a California corporation with its principal place of business at One Nissan Way, Franklin, Tennessee, 37067, and doing business in California.  NNA admits it is generally in the business of manufacturing, in part, assembling, marketing, and distributing certain Nissan vehicles, and admits it distributed the 2007-2009 model year Nissan 350Z, 2009-2015 model year Nissan 370Z, 2007-2008 model year Infiniti G35, 2008-2013 model year Infiniti G37 and 2014 model year Infiniti Q60 nationwide and in California.  NNA denies the remaining allegations in Paragraph 35.

36.     NNA denies the factual allegations in Paragraph 36 as phrased.

**<u>JURISDICTION</u>**

37.     Paragraph 37 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that certification of the classes and vehicles would be proper in this action.

38.     NNA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of Plaintiff's FAC.

39.     NNA lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations as to whether the claims of individual class members exceed $5,000,000.00, exclusive of interest and costs.

40.     NNA lacks knowledge or information sufficient to form a belief about the truth of

1   Plaintiff's jurisdictional claims under 28 U.S.C. §1332(d).

2                                 **VENUE**

3       41.     NNA is not contesting venue.

4       42.     NNA is not contesting venue.

5       43.     NNA is not contesting venue.

6                     **FACTUAL ALLEGATIONS**

7       44.     Plaintiffs allegations are repetitive and do not require a response.  If a response is

8   required, please see its response to the allegations in Paragraph 1.

9       45.     NNA denies the allegations in Paragraph 45 of Plaintiff's FAC.

10      46.     NNA admits that in vehicles equipped with a manual transmission, the manual

11  transmission works in conjunction with the other automotive components, including the clutch, in

12  the operation of the automobile.  NNA denies the allegations in the second sentence in Paragraph

13  46 of Plaintiff's FAC.

14      47.     NNA denies the allegations in Paragraph 47 of Plaintiff's FAC.

15      48.     NNA denies the allegations in Paragraph 48 of Plaintiff's FAC.

16      49.     NNA denies the allegations in Paragraph 49 of Plaintiff's FAC.

17      50.     NNA denies the allegations in Paragraph 50 of Plaintiff's FAC.

18      51.     NNA lacks knowledge or information sufficient to form a belief about the truth of

19  the allegations in Paragraph 51 of Plaintiff's FAC as to purported complaints filed by consumers.

20  NNA denies the remaining allegations in Paragraph 51 of Plaintiff's FAC.

21      52.     NNA lacks knowledge or information sufficient to form a belief about the truth of

22  the allegations in Paragraph 52, including subparts (a)-(gg); (a)-(w); (a)-(c); (a)-(f); (a)-(e); (a)-

23  (b); and (a), of Plaintiff's FAC.  *See* Plaintiff's FAC ¶ 52, at 11:12-31:3.  To the extent Paragraph

24  52 of Plaintiff's FAC makes additional allegations as to NNA, they are denied.

25      53.     NNA lacks knowledge or information sufficient to form a belief about the truth of

26  the allegations in Paragraph 53, including subparts (a)(i)-(xxvi); (b)(i)-(ii); (c)(i)-(iv); (d)(i)-(ii);

27  (e)(i)-(iv); and (f)(i)-(ii), of Plaintiff's FAC.  *See* Plaintiff's FAC ¶ 53, at 31:4-38:17.  To the

28  extent Paragraph 53 of Plaintiff's FAC makes additional allegations as to NNA, they are denied.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND
  - 6 -  CASE NO. 5:16-CV-05591-LHK (NCx)

1     54.     NNA denies the allegations in Paragraph 54 of Plaintiff's FAC.

2     55.     NNA denies the allegations in Paragraph 55 of Plaintiff's FAC.

3     56.     NNA denies the allegations in Paragraph 56 of Plaintiff's FAC.

4     57.     NNA denies the allegations in Paragraph 57 of Plaintiff's FAC.

5     58.     NNA admits that in or around January 2008, it issued NTB08-002 for some 2007 model year 350Z (Z33) Nissan vehicles equipped with 6-speed manual transmissions.  NNA admits that the first sentence in Paragraph 58 of Plaintiff's FAC accurately quotes an excerpt from CSP NTB08-002.  NNA admits that the second sentence in Paragraph 58 of Plaintiff's FAC accurately quotes an excerpt from CSP NTB08-002.  NNA denies the allegations in the third sentence in Paragraph 58 of Plaintiff's FAC.

59.     NNA admits that on April 10, 2013, it issued NTB13-026a for 2009-2013 model year 370Z Coupe (Z34 series) and 2010-2013 model year 370Z Roadster (Z34 series) vehicles equipped with 6-speed manual transmissions.  NNA refers Plaintiff to TSB NTB13-026a in response to the allegations in the second sentence in Paragraph 17 of Plaintiff's FAC.  NNA denies the allegations in the second sentence in Paragraph 59 of Plaintiff's FAC.

60.     NNA denies the allegations in Paragraph 60 of Plaintiff's FAC.

61.     NNA denies the allegations in Paragraph 61 of Plaintiff's FAC

62.     NNA denies the allegations in Paragraph 62, including subparts (a)-(c), of Plaintiff's FAC.

63.     NNA denies the allegations in Paragraph 63 of Plaintiff's FAC.

64.     NNA denies the allegations in Paragraph 64 of Plaintiff's FAC.

65.     NNA denies the allegations in Paragraph 65 of Plaintiff's FAC.

## PLAINTIFF'S CLAIM FOR EQUITABLE RELIEF

66.     NNA denies the allegations in Paragraph 66 of Plaintiff's FAC.

67.     NNA denies the allegations in Paragraph 67 of Plaintiff's FAC.

68.     Paragraph 68 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 68 of Plaintiff's FAC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND    - 7 -    CASE NO. 5:16-cv-05591-LHK (NCx)

69.     The allegations in Paragraph 69 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 69 of Plaintiff's FAC.

70.     Paragraph 70 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 70 of Plaintiff's FAC.

71.     The allegations in Paragraph 71 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 71 of Plaintiff's FAC.

72.     The allegations in Paragraph 72 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 72 of Plaintiff's FAC.

73.     NNA denies the allegations in the first sentence of Paragraph 73 of Plaintiff's FAC.  NNA admits that it has issued "Customer Satisfaction Programs," but denies Plaintiff's characterizations of same.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 73 of Plaintiff's FAC.

74.     The allegations in Paragraph 74 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 74 of Plaintiff's FAC.

75.     The allegations in Paragraph 75 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 75 of Plaintiff's FAC.

76.     The allegations in Paragraph 76 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 76 of Plaintiff's FAC.

77.     The allegations in Paragraph 77 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 77 of Plaintiff's FAC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND

- 8 -

CASE NO. 5:16-cv-05591-LHK (NCx)

78.     The allegations in Paragraph 78 of Plaintiff's FAC are legal conclusions to which no response is required.  NNA denies that Plaintiff or the putative classes have a claim for the relief set forth in Paragraph 78 of Plaintiff's FAC.

**CLASS ACTION ALLEGATIONS**

79.     The first sentence in Paragraph 79 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  The remaining allegations in Paragraph 79 of Plaintiff's FAC are legal conclusions to which no response is required.

80.     Paragraph 80 of Plaintiff's FAC does not contain any factual allegations and does not require a response.

81.     Paragraph 81 of Plaintiff's FAC does not contain any factual allegations and does not require a response.

82.     Paragraph 82 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that certification of any class or subclass would be appropriate in this action.

83.     Paragraph 83 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that certification of any class or subclass would be appropriate in this action.

84.     Paragraph 84, including subparts (a)-(k), of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that certification of any class or subclass would be appropriate in this action.

85.     Paragraph 85 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that certification of any class or subclass would be appropriate in this action.

86.     Paragraph 86 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  NNA denies that certification of any class or subclass would be appropriate in this action.

**FIRST CAUSE OF ACTION**

**(Violation of California's Consumers Legal Remedies Act,**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND

- 9 -

CASE NO. 5:16-cv-05591-LHK (NCx)

**California Civil Code § 1750, *et seq.*)**

87.    Paragraph 87 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  To the extent this Paragraph purports to incorporate allegations from other portions of Plaintiff's FAC, NNA incorporates its responses to those allegations.

88.    Paragraph 88 of Plaintiff's FAC does not contain any factual allegations and does not require a response.

89.    The allegations in Paragraph 89 of Plaintiff's FAC are legal conclusions to which no response is required.

90.    The allegations in Paragraph 90 of Plaintiff's FAC are legal conclusions to which no response is required.

91.    NNA denies the allegations in Paragraph 91 of Plaintiff's FAC.

92.    NNA denies the allegations in Paragraph 92 of Plaintiff's FAC.

93.    NNA denies the allegations in Paragraph 93 of Plaintiff's FAC.

94.    NNA denies the allegations in Paragraph 94 of Plaintiff's FAC.

95.    NNA denies the allegations in Paragraph 95, including subparts (a)-(c), of Plaintiff's FAC.

96.    NNA denies the allegations in Paragraph 96 of Plaintiff's FAC.

97.    NNA denies the allegations in Paragraph 97 of Plaintiff's FAC.

98.    NNA denies the allegations in Paragraph 98 of Plaintiff's FAC.

99.    NNA denies the allegations in Paragraph 99 of Plaintiff's FAC.

100.   NNA denies the allegations in Paragraph 100 of Plaintiff's FAC.

101.   The allegations in Paragraph 101 of Plaintiff's FAC are legal conclusions to which no response is required.  Plaintiff's claim for injunctive relief under California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 102 as to Plaintiff's injunctive relief claim do not require a response.

102.   NNA admits that it received a letter from Plaintiff's counsel purporting to notify

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND

- 10 -

CASE NO. 5:16-cv-05591-LHK (NCx)

1   NNA of a Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. violation.  NNA denies

2   the remaining allegations in Paragraph 102 of Plaintiff's FAC.  Plaintiff's claim for injunctive

3   relief under California's Consumers Legal Remedies Act was dismissed by Court Order.  *See*

4   Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis,

5   the allegations set forth in Paragraph 102 as to Plaintiff's injunctive relief claim do not require a

6   response.

### SECOND CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200, et seq.)**

9   103.   Paragraph 103 of Plaintiff's FAC does not contain any factual allegations and does

10   not require a response.  To the extent this Paragraph purports to incorporate allegations from

11   other portions of Plaintiff's FAC, NNA incorporates its responses to those allegations.  Plaintiff's

12   claim under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. was

13   dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with

14   prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 103 do not require a

15   response.

16   104.   Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

17   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

18   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 104 do

19   not require a response.

20   105.   Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

21   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

22   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 105 do

23   not require a response.

24   106.   Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

25   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

26   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 106 do

27   not require a response.

28   107.   Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND

- 11 -

CASE NO. 5:16-cv-05591-LHK (NCx)

1   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

2   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 107 do

3   not require a response.

4         108.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

5   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

6   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 108 do

7   not require a response.

8         109.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

9   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

10   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 109 do

11   not require a response.

12         110.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

13   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

14   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 110 do

15   not require a response.

16         111.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

17   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

18   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 111 do

19   not require a response.

20         112.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

21   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

22   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 112 do

23   not require a response.

24         113.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

25   17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC,

26   dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 113 do

27   not require a response.

28         114.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code §

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND
- 12 -
CASE NO. 5:16-cv-05591-LHK (NCx)

17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 114 do not require a response.

115.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 115 do not require a response.

116.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 116 do not require a response.

117.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 117 do not require a response.

118.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 118 do not require a response.

119.    Plaintiff's claim under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 119 do not require a response.

## THIRD CAUSE OF ACTION

### (Breach of Implied Warranty Pursuant to Song-Berly

### Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, et seq.)

120.    Paragraph 120 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  To the extent this Paragraph purports to incorporate allegations from

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND                 - 13 -          CASE NO. 5:16-cv-05591-LHK (NCx)

other portions of Plaintiff's FAC, NNA incorporates its responses to those allegations.

121.   Paragraph 121 of Plaintiff's FAC does not contain any factual allegations and does not require a response.

122.   Plaintiff's allegations in the first sentence are repetitive and do not require a response.  If a response is required, please see its response to the allegations in Paragraph 1.  NNA denies the allegations in the second sentence in Paragraph 122 of Plaintiff's FAC.

123.   NNA denies the allegations in Paragraph 123 of Plaintiff's FAC.

124.   NNA denies the allegations in Paragraph 124 of Plaintiff's FAC.

125.   NNA denies the allegations in Paragraph 125 of Plaintiff's FAC.

126.   NNA denies the allegations in Paragraph 126 of Plaintiff's FAC.

127.   NNA denies the allegations in Paragraph 127 of Plaintiff's FAC.

128.   NNA denies the allegations in Paragraph 128 of Plaintiff's FAC.

## FOURTH CASE OF ACTION

### (Breach of Implied Warranty under the Magnuson-Moss Warranty Act,

### 15 U.S.C. § 2303 *et seq.*)

129.   Paragraph 129 of Plaintiff's FAC does not contain any factual allegations and does not require a response.  To the extent this Paragraph purports to incorporate allegations from other portions of Plaintiff's FAC, NNA incorporates its responses to those allegations.

130.   Paragraph 130 of Plaintiff's FAC does not contain any factual allegations and does not require a response.

131.   The allegations in Paragraph 131 of Plaintiff's FAC are legal conclusions to which no response is required.

132.   The allegations in Paragraph 132 of Plaintiff's FAC are legal conclusions to which no response is required.

133.   The allegations in Paragraph 133 of Plaintiff's FAC are legal conclusions to which no response is required.

134.   NNA denies the allegations in Paragraph 134 of Plaintiff's FAC.

135.   NNA denies the allegations in Paragraph 135 of Plaintiff's FAC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND
- 14 -
CASE NO. 5:16-cv-05591-LHK (NCx)

1    136.    NNA denies the allegations in Paragraph 136 of Plaintiff's FAC.

2    137.    NNA lacks knowledge or information sufficient to form a belief about the truth of

3    the allegations in Paragraph 137 of Plaintiff's FAC as to the amount in controversy of Plaintiff's

4    individual claims or the claims asserted on behalf of the putative classes.

5    138.    The allegations in Paragraph 138 of Plaintiff's FAC are legal conclusions to which

6    no response is required.  To the extent a response is required, NNA denies the allegations in

7    Paragraph 138 of Plaintiff's FAC.

8    139.    NNA denies the allegations in Paragraph 139 of Plaintiff's FAC.

9    140.    NNA denies the allegations in Paragraph 140 of Plaintiff's FAC.

10                              **FIFTH CAUSE OF ACTION**

11                               **(For Unjust Enrichment)**

12    141.    Paragraph 141 of Plaintiff's FAC does not contain any factual allegations and does

13    not require a response.  To the extent this Paragraph purports to incorporate allegations from

14    other portions of Plaintiff's FAC, NNA incorporates its responses to those allegations.  Plaintiff's

15    unjust enrichment claim was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend

16    the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph

17    141 do not require a response.

18    142.    Plaintiff's unjust enrichment claim was dismissed by Court Order.  *See* Dkt. No.

19    41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the

20    allegations set forth in Paragraph 142 do not require a response.

21    143.    Plaintiff's unjust enrichment claim was dismissed by Court Order.  *See* Dkt. No.

22    41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the

23    allegations set forth in Paragraph 143 do not require a response.

24    144.    Plaintiff's unjust enrichment claim was dismissed by Court Order.  *See* Dkt. No.

25    41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the

26    allegations set forth in Paragraph 144 do not require a response.

27    145.    Plaintiff's unjust enrichment claim was dismissed by Court Order.  *See* Dkt. No.

28    41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND                    - 15 -               CASE NO. 5:16-cv-05591-LHK (NCx)

allegations set forth in Paragraph 145 do not require a response.

146.     Plaintiff's unjust enrichment claim was dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the allegations set forth in Paragraph 146 do not require a response.

## RELIEF REQUESTED

147.     Paragraph 147, including subparts (a)-(m), of Plaintiff's FAC does not contain any factual allegations and does not require a response.  Plaintiff's claims for unjust enrichment and injunctive relief were dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*  On that basis, the relief requested by the allegations set forth in Paragraph 147 as to those claims is improper.  NNA further denies that Plaintiff or putative class members have a claim for the relief set forth in Paragraph 147, including subparts (a)-(m), of Plaintiff's FAC.

## DEMAND FOR JURY TRIAL

148.     With respect to Plaintiff's demand for a jury trial, Paragraph 148 does not contain any factual allegations and does not require a response.

## I.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden of proof or persuasion that would otherwise rest on Plaintiff or the putative classes, NNA asserts the following defenses to the claims of Plaintiff and putative class members.  NNA reserves the right to amend or to supplement the following defenses, including without limitation, the right to amend as information is gathered through discovery regarding Plaintiff and putative class members.

## FIRST DEFENSE

### (Failure to State a Claim)

1.     The factual allegations in Plaintiff's FAC do not state a claim upon which relief can be granted under the statute of any state or any common law legal or equitable theory. Further, Plaintiff's unjust enrichment and injunctive relief claims were dismissed by Court Order.

*See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*

## SECOND DEFENSE

### (Constitutional Defects with Punitive Damages)

2.      Any award of punitive or trebled damages in this case (a) would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution; and (b) would violate the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

## THIRD DEFENSE

### (Excessive Damages)

3.      The aggregate or mass litigation of putative damages necessarily violates the Due Process Clause of the Constitution of the United States and the State of California.

## FOURTH DEFENSE

### (Failure to Mitigate Damages)

4.      If some members of the putative classes sustained damages, which damages are denied, some members of the putative classes have failed to act reasonably to mitigate or minimize any loss or harm that some members of the putative classes suffered and could have avoided such harm by making reasonable efforts or expenditures.

## FIFTH DEFENSE

### (Claims Not False, Untrue or Misleading)

5.      Plaintiff's representational claims and those of the putative classes are barred because the representations or omissions attributed to NNA alleged in Plaintiff's FAC were not false, untrue, or misleading.

## SIXTH DEFENSE

### (No Reliance)

6.      Plaintiff's claims, and the claims of at least some members of the putative class, are barred due to Plaintiff's and putative class members lack of actual reliance or lack of reasonable reliance upon any alleged action, or inaction, representation, or omission, by NNA.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND                - 17 -        CASE NO. 5:16-cv-05591-LHK (NCx)

**SEVENTH DEFENSE**

**(No Restitutionary Claim)**

7.      NNA does not possess money that in equity and good conscience should be returned to Plaintiff or any putative class member.  Further, Plaintiff's unjust enrichment and injunctive relief claims were dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*

**EIGHTH DEFENSE**

**(Plaintiff and Putative Class Members' Acts)**

8.      The damages, if any, of Plaintiff or putative class members have been caused by modification of the vehicles or its components or other factors beyond the control of NNA.

**NINTH DEFENSE**

**(Independent Acts of Third Parties)**

9.      Plaintiff's claims, and the claims of at least some members of the putative classes, are barred, in whole or in part, because their injuries, if any, were the result of the conduct of third parties, including without limitation, prior, intervening or superseding conduct by such third parties.

**TENTH DEFENSE**

**(Statute of Limitations)**

10.     The legal and statutory claims of Plaintiff or putative class members are barred by the applicable statute of limitations.

**ELEVENTH DEFENSE**

**(Laches)**

11.     The equitable claims of Plaintiff or putative class members are barred by the doctrine of laches.

**TWELFTH DEFENSE**

**(Unclean Hands)**

12.     The equitable claims of Plaintiff or putative class members are barred by the doctrine of unclean hands.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND
- 18 -
CASE NO. 5:16-CV-05591-LHK (NCx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTEENTH DEFENSE**

**(Adequate Remedy at Law)**

13.     Plaintiff's claims and those of the putative class for equitable relief are barred because an adequate remedy at law exists.  Further, Plaintiff's unjust enrichment and injunctive relief claims were dismissed by Court Order.  *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*

**FOURTEENTH DEFENSE**

**(No Threat of Immediate Harm)**

14.     No threat of immediate harm exists to support a request for injunctive relief. Further, Plaintiff's unjust enrichment and injunctive relief claims were dismissed by Court Order. *See* Dkt. No. 41.  Having failed to amend the FAC, dismissal is with prejudice.  *See id.*

**FIFTEENTH DEFENSE**

**(Negligent Conduct of Others)**

15.     The asserted claims are barred to the extent injury, if any, sustained by Plaintiff or putative class members was caused by their own negligent conduct or the negligent conduct of others.

**SIXTEENTH DEFENSE**

**(Accord and Satisfaction)**

16.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**SEVENTEENTH DEFENSE**

**(Federal Preemption)**

17.     The claims asserted in the FAC are barred, in whole or in part, to the extent such claims are preempted by applicable federal law, including but not limited to the federal Motor Vehicle and Traffic Safety Act.

**EIGHTEENTH DEFENSE**

**(Primary Jurisdiction/Failure to Exhaust Administrative Remedies)**

18.     To the extent the conduct alleged in the FAC falls under the authority or scope of

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND                    - 19 -                    CASE NO. 5:16-CV-05591-LHK (NCx)

1    an administrative agency or other entity that regulates NNA's actions, Plaintiff's claims are

2    barred under the doctrines of exclusive or primary jurisdiction or failure to exhaust administrative

3    remedies.

4                            **NINETEENTH DEFENSE**

5                            **(Assumption of the Risk)**

6         19.    Plaintiff's claims, and the claims of putative class members, are barred, in whole

7    or in part, because they assumed the risk of any damage, including by not obtaining additional

8    warranty coverage for their vehicles.

9                            **TWENTIETH DEFENSE**

10                           **(No Notice)**

11        20.    The warranty claims of Plaintiff or the putative class members are barred by the

12   failure to provide statutory notice pursuant to the Uniform Commercial Code.

13                           **TWENTY-FIRST DEFENSE**

14                           **(Lack of Privity)**

15        21.    The warranty claims of Plaintiff or the putative class members are barred by lack

16   of privity.

17                           **TWENTY-SECOND DEFENSE**

18                           **(Disclaimer)**

19        22.    The warranty claims of Plaintiff or the putative class members are barred or

20   limited by valid disclaimers.

21                           **TWENTY-THIRD DEFENSE**

22                           **(Economic Loss Doctrine)**

23        23.    Plaintiff and the putative class members' tort claims are barred by the economic

24   loss doctrine.

25                           **TWENTY-FOURTH DEFENSE**

26                           **(Lack of Article III Standing)**

27        24.    The Court lacks jurisdiction over the claims of Plaintiff or putative class members

28   under Article III of the United States Constitution, to the extent that Plaintiff or putative class

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND                    - 20 -                    CASE NO. 5:16-cv-05591-LHK (NCx)

members did not experience any injury in fact due to NNA's conduct as challenged herein.

**TWENTY-FIFTH DEFENSE**

**(Expiration of Warranties)**

25.     NNA disputes the existence of any implied warranty, and further states that any implied warranty expired on the expiration of any express warranty.

**TWENTY-SIXTH DEFENSE**

**(No Attorneys' Fees)**

26.     The FAC, and each claim for relief and allegation therein in support of an award of attorneys' fees, is barred in whole or in part, because Plaintiff has failed to plead facts sufficient to support a claim for an award of attorneys' fees.

Dated: June 14, 2017                         DRINKER BIDDLE & REATH LLP

By:/s/ Michael J. Stortz
    Michael J. Stortz
    Marshall L. Baker
    E. Paul Cauley, Jr. (admitted *pro hac vice*)

Attorneys for Defendant
Nissan North America, Inc.

1

## **DEMAND FOR JURY TRIAL**

2

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Nissan of North

3

America, Inc. hereby demands a trial by jury on all issues so triable.

4

5

Dated: June 14, 2017                                    DRINKER BIDDLE & REATH LLP

6

7

By:/s/ Michael J. Stortz
                                                             Michael J. Stortz
8                                                            Marshall L. Baker
                                                             E. Paul Cauley, Jr. (admitted *pro hac vice*)
9
                                                             Attorneys for Defendant
10                                                           Nissan North America, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NNA'S ANSWER TO PLAINTIFF'S FAC,
DEFENSES AND JURY DEMAND                        - 22 -              CASE NO. 5:16-CV-05591-LHK (NCx)