MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
MARSHALL L. BAKER (SBN 300987)
marshall.baker@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California  94105-2235
Telephone:      415-591-7500
Facsimile:      415-591-7510

E. PAUL CAULEY JR. (admitted *pro hac vice*)
paul.cauley@dbr.com
S. VANCE WITTIE (*pro hac vice* to be filed)
vance.wittie@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, TX 75201
Telephone:      (469) 357-2500
Facsimile:      327-0860

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUU NGUYEN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., a California corporation,<br><br>Defendant. | Case No. 5:16-cv-05591-LHK (SVKx)<br><br>**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE REPORT OF STEVEN BOYLES; BRIEF IN SUPPORT**<br><br>Date:        July 5, 2018<br>Time:        1:30 p.m.<br>Ctrm:        8 – 4th Floor<br>Judge:       The Honorable Lucy H. Koh<br><br>Case Filed: September 30, 2016<br>Trial Date: October 5, 2018 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF                 - 1 -                 CASE NO. 5:16-CV-05591-LHK (SVKx)

1  TO ALL PARTIES AND THEIR ATTORNEYS:

2  PLEASE TAKE NOTICE that on July 5, 2018 at 1:30 p.m. or as soon thereafter as the

3  parties may be heard by the Honorable Lucy H. Koh, in Courtroom 8, 4th Floor of the above-

4  entitled court, located at 280 South 1st Street, San Jose, CA 95113, Defendant Nissan North

5  America, Inc. will move this Court for an order granting its motion to exclude the opinion set

6  forth in the report of Steven Boyles ("Boyles Report") submitted in support of Plaintiff's Motion

7  for Class Certification (Dkt. No. 63-5).

8  The grounds for this motion are that the opinion expressed in the Boyles Report does not

9  meet the standards for admissibility of opinion testimony established by Federal Rule of Evidence

10  702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  The opinion expressed in

11  the Boyles Report is not the proper subject of expert opinion, is not relevant to the claims that

12  Plaintiff seeks to certify for class treatment, and is not sufficiently reliable so to be admitted under

13  Rule 702.

14  This motion is based on this Notice of Motion and Motion, the accompanying

15  Memorandum of Points and Authorities in Support thereof, the Declaration of Michael J. Stortz,

16  and all other pleadings and papers on file in this action and such argument as may be presented to

17  the Court at the time of the hearing.

18  Dated: February 14, 2018                    DRINKER BIDDLE & REATH LLP

20  By:  /s/ Michael J. Stortz
21        Michael J. Stortz
          Marshall L. Baker

22  Attorneys for Defendant
23  NISSAN NORTH AMERICA, INC.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND ................................................................................................... 2

    A.    Boyles' Qualifications. ........................................................................... 2

    B.    Boyles' Assignment. .............................................................................. 2

    C.    Boyles' Opinion. .................................................................................... 3

    D.    Boyles' Attempts to Verify His Opinion. ............................................. 4

    E.    Boyles' Conclusion. .............................................................................. 5

III. ARGUMENT ....................................................................................................... 6

    A.    Standards For Determining Motion. ..................................................... 6

    B.    Boyles' Report Does Not Provide Proper Opinion Testimony. ............ 7

    C.    Boyles' Opinion Is Not Relevant. ........................................................ 8

    D.    Boyles' Opinion Is Not Reliable. ......................................................... 9

IV. CONCLUSION .................................................................................................. 11

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF

- i -

CASE NO. 5:16-CV-05591-LHK (SVKx)

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

Cases

4

*Abaxis, Inc. v. Cepheid,*
  No. 10-CV-02840-LHK, 2012 WL 2979019 (N.D. Cal. July 19, 2012) ...................................7

5

6

*Comcast Corp. v. Behrend,*
  133 S. Ct. 1426 (2013) .........................................................................................................1

7

*Daubert v. Merrell Dow Pharm., Inc.,*
  509 U.S. 579 (1993) ....................................................................................................6, 9, 10

8

9

*Ellis v. Costco Wholesale Corp.,*
  657 F.3d 970 (9th Cir. 2011).................................................................................................6

10

11

*Fail-Safe, L.L.C. v, A.O. Smith Corp.,*
  744 F. Supp. 2d 870 (E.D. Wis. 2010)...............................................................................11

12

13

*Gen. Elec. Co. v. Joiner,*
  522 U.S. 136, 118 S. Ct. 512 (1997).....................................................................................9

14

*GPNE Corp. v. Apple Inc.,*
  2014 WL 1494247 (N.D. Cal. April 16, 2014) ..........................................................9, 10, 11

15

16

*Kumho Tire Co. v. Carmichael,*
  526 U.S. 137 (1999)...............................................................................................................6

17

18

*Lawrence v. Raymond Corp.,*
  2011 WL 3418324 (N.D. Ohio Aug. 4, 2011) *aff'd,* 501 F. App'x 515 (6th Cir.
  2012) ......................................................................................................................................9

19

20

*LSQ Funding Grp., LC v. EDS Field Serv*s.,
  879 F. Supp. 2d 1320 (M.D. Fla. 2012) ...............................................................................7

21

22

*McHugh v. United Serv. Auto. Ass'n,*
  164 F.3d 451 (9th Cir. 1999).................................................................................................7

23

24

*Nguyen v. Nissan N. Am., Inc.,*
  No. 16-CV-05591-LHK, 2017 WL 1330602 (N.D. Cal. April 11, 2017) ...............................8

25

*Philips v. Ford Motor,*
  14-CV-02989-LHK, 2016 WL 7428810 (N.D. Cal. Dec. 22, 2016) .............................. *passim*

26

27

*Waymo LLC v. Uber Tech., Inc.,*
  No. C17-00939 WHA, 2017 WL 5148390 (N.D. Cal. Nov. 6, 2017) .....................................7

28

Drinker Biddle &
Reath LLP
Attorneys at Law
San Francisco

Notice of Motion & Motion to Exclude
Report of Steven Boyles; Support Brief

- ii -

Case No. 5:16-cv-05591-LHK (SVKx)

**STATUTES, RULES & REGULATIONS**

Federal Rule of Civil Procedure 23(b)(3) ........................................................................1

Federal Rule of Evidence 702 ................................................................................ *passim*

**OTHER AUTHORITIES**

Black's Law Dictionary, Eighth Edition .....................................................................3, 7

www.mathgoodies.com/lessons/vol7/order_operations (accessed Feb. 14, 2018) ..........................7

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF

- iii -

CASE NO. 5:16-CV-05591-LHK (SVKx)

# I.

## __INTRODUCTION__

As the proponent of class certification, Plaintiff Huu Nguyen ("Plaintiff") "ha[s] the burden to offer a damages model showing that 'damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3).'" *Philips v. Ford Motor*, 14-CV-02989-LHK, 2016 WL 7428810, at *19 (N.D. Cal. Dec. 22, 2016) (quoting *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013)). "Such damages model 'must measure only those damages attributable to Plaintiffs' theory of liability.'" *Id.* (quoting *Comcast*, 133 S. Ct. at 1433).

In an attempt to meet that burden, Plaintiff presents the Report of Steven Boyles. *See* Dkt. No. 63-5 ("Boyles Report"), a true and correct copy of which is attached as **Exhibit A** to the accompanying declaration of Michael J. Stortz ("Stortz Decl."). Boyles is a CPA and litigation consultant who has developed a "formula" that he opines can be used to measure damages for each member of the class—namely, the costs (in parts and labor) to install an aftermarket clutch assembly that Plaintiff's other consultant, Michael Stapleford, has opined is superior to the clutch assembly originally installed in Plaintiff's 2012 Nissan 370Z.

But Boyles' opinion requires no expertise, as it consists of: (1) a legal conclusion—that damages equate to the cost of the repair; and (2) simple arithmetic—that the cost of repair equals parts plus labor. Nor does his so-called "formula" fit the theories of liability as to which Plaintiff seeks class certification. In particular, Boyles has not attempted to measure class members' expected utility associated with the purported risk of failure associated with the clutch assembly, notwithstanding this Court's direction in *Philips*. *See Philips*, 2016 WL 7428810 at *26 (finding that expected utility model "is economically sound."). As such, the opinions in his report do not fit the claims asserted on behalf of the class, and should therefore be excluded under Rule 702.

In addition, the Boyles Report does not provide a reliable basis for measuring the damages of any class member, much less every class member. Boyles does not attempt to measure damages for out-of-pocket repair costs because, as he acknowledges, such calculations are inherently individualized. Nor has Plaintiff shown that Boyles' calculation is reasonably susceptible of application to every vehicle in the expansive proposed class, involving multiple

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF

- 1 -

CASE NO. 5:16-CV-05591-LHK (SVKx)

1    different models of vehicles dating back to 2007.  It follows that Boyles' opinion is not reliable,

2    and should be excluded on that ground as well.

3                                              II.

4                                    **BACKGROUND**

5    **A.    Boyles' Qualifications.**

6           Boyles is an accountant who devotes approximately eighty-percent of his professional

7    time to working for attorneys who have hired him for litigation or dispute-related engagements.

8    *See* **Exhibit B** to Stortz Decl. (Steven Boyles Deposition Transcript ("Boyles Dep. Tr.")) at

9    38:14-39:17.  This is the second federal court action in which he has presented opinions regarding

10   classwide damages.  The first is a similar action, filed by Plaintiff's counsel under caption of

11   *Victorino v. FCA US LLC*, Case No. 3:16-cv-01617-GPC-JLB (S.D. Cal.) ("*Victorino*").  *Id.* at

12   21:11-25.[1]

13   **B.    Boyles' Assignment.**

14          Plaintiff's counsel gave Boyles an assignment in this case that was nearly *verbatim*

15   identical to the assignment counsel previously gave Boyles in *Victorino*, i.e., "to provide a

16   methodology, common to the Class, that the Court could apply to individual Class members in

17   quantifying damages[.]"  Boyles Report ¶ 25.

18          It appears that Boyles was never given the antecedent assignment of providing a correct

19   damages methodology, either for Plaintiff or any member of the proposed class.  He testified that

20   he has never attempted to calculate individual damages for Plaintiff or any other individual.  *See*

21   Boyles Dep. Tr. at 51:15-52:17 ("I wasn't providing any analysis or damage methodology on an

22   individual basis[.]")  Although he provided an out-of-pocket class damages model in the

23   *Victorino* matter,[2] Boyles did not present any such model in this case, even though he was aware

24   that Plaintiff himself incurred such out-of-pocket expenses.  *Id.* at 56:18-23.  Boyles testified that

25   ─────────────────

26   [1]      As in this action, plaintiff in *Victorino* alleges that the clutch assemblies of certain
     vehicles (in that action, certain models of Dodge Darts) are defective.  *See* **Exhibit C** to Stortz

27   Decl. (Ex. 29 to Boyles Dep. Tr., Report of S. Boyles in *Victorino* ("Boyles *Victorino* Report")).

28   [2]      *See* Boyles *Victorino* Report ¶¶ 27-28 (setting forth "Alternative Class Damages – Out of
     Pocket Costs").

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF            - 2 -            CASE NO. 5:16-CV-05591-LHK (SVKx)

1    he excluded an out-of-pocket measure because it would require individualized (rather than

2    common) proof, as each class member would have incurred different repair costs, if any.  *Id.* at

3    56:25-57:12 ("[I]f you were to look at every individual and say each individual has a different

4    repair cost, that would be individualized to me.").

5    **C.    Boyles' Opinion.**

6         After counsel gave him the assignment of developing a common damages methodology,

7    Boyles did not attempt to develop the damages methodology that this Court identified in *Philips*.

8    Specifically, Boyles did not attempt to assess the expected utility to class members associated

9    with the risks of the alleged defect.  Indeed, Boyles could not provide such an opinion, as he does

10   not hold himself out professionally as an expert in customer surveys, and does not perform such

11   surveys.  *Id.* at 20:9-10.  Based on information provided by Plaintiff's counsel, Boyles was aware

12   that the proposed class in this action includes purchasers and lessees of five different makes of

13   Nissan and Infiniti vehicles, over model years ranging from 2007 to 2015, with approximately

14   34,000 vehicles in the proposed class.  *Id.* at 14:23-15:15.  However, Boyles has not determined

15   the price at which any of these vehicles were purchased or leased, and has done no investigation

16   as to the market value for any of these vehicles at any point in time.  *Id.* at 77:17-78:6.

17        Instead, Boyles undertook a two-step process to form his opinion.  *First*, Boyles consulted

18   Black's Law Dictionary to determine that the "benefit of the bargain model" would be an

19   "appropriate remedy of damages susceptible to measurement of the entire class."  Boyles Report,

20   ¶ 18 & n.5, quoting Black's Law Dictionary, Eighth Edition, p. 168.

21        *Second*, Boyles generated a "formula" for calculating damages under the "benefit of the

22   bargain" definition from Black's.  Boyles acknowledges that the formula "is fairly

23   straightforward" and consists of "the cost of labor, plus the related necessary cost of the parts[.]"

24   Boyles Dep. Tr. 107:11-14.

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF            - 3 -            CASE NO. 5:16-CV-05591-LHK (SVKx)

Boyles identifies his damages formula as follows:

$$= ((3.0 \times LR) + CSCT + CSC + IBK) + ((0.9 \times LR) + BF)$$

$\underbrace{\phantom{((3.0 \times LR) + CSCT + CSC + IBK)}}_{\text{Replace Concentric Slave Cylinder}}$    $\underbrace{\phantom{((0.9 \times LR) + BF)}}_{\text{Replace Clutch Fluid}}$

Where:

LR – Average hourly labor rate
CSCT – Average Price of a Tube Concentric
CSC – Average Price of a Hydraulic Clutch Slave Cylinder
IBK – Average Price of an Insulator and Bolt Kit
BF – Average Price of Special Brake Fluid

Boyles Report ¶ 25.

Boyles obtained the variables in this formula from Plaintiff's other litigation consultant, Michael Stapleford. In particular, Boyles relied on Stapleford's identification of the parts and hourly labor required to replace the CSC and clutch fluid in all class vehicles. *See* Boyles Report ¶¶ 22-23 & nn.7-8.

**D.    Boyles' Attempts to Verify His Opinion.**

Having supposedly developed a formula for calculating classwide damages, Boyles did not actually apply that formula to see if it yielded a reliable total amount of classwide damages. He did not attempt to calculate class damages in this case, and has not been asked to do so. *See* Boyles Dep. Tr. 100:7-101:2. His opinion is that the date that damages were incurred is the date of purchase, and that damages under his formula are meant to identify the amount necessary to put the aftermarket CSC part specified by Stapleford into every class vehicle. *Id.* at 153:10; 155:4-156:16; 150:15-20. Yet he does not know the average price for the parts identified by Stapleford at any point in time dating back to 2007, or at any particular location in California. *Id.* at 99:17-100:6. According to Boyles, he "was not provided with sufficient pricing data from which I could develop average prices for each component." Boyles Report ¶ 26; *see also* Boyles Dep. Tr. at 96:25-97:5. Boyles was therefore unable to provide in his Report an average price for the replacement parts, or average labor amount, as required by his formula. *See* Boyles Report ¶¶ 31-34. Indeed, Boyles does not know whether the parts specified by Stapleford were even available back in 2007. *See* Boyles Dep. Tr. 159:6-160:2.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE          - 4 -          CASE NO. 5:16-CV-05591-LHK (SVKx)
REPORT OF STEVEN BOYLES; SUPPORT BRIEF

1    Boyles is similarly unaware of an average hourly labor rate in 2007, or during any year

2    since.  *Id.* at 99:25-100:6.  He acknowledges that the average labor rate may be different

3    depending the particular locality where a repair is conducted (*id.* at 101:10-102:25), and whether

4    the repair is conducted at a dealership or independent repair shop.  *Id.* 95:23-96:8.

5    Rather than apply his formula to measure class damages, Boyles instead attempted to

6    verify his formula against two sets of data:  (1) repair invoices; and (2) NNA's warranty data.

7    As for the first, this consists of a total of two (2) invoices, evidently selected and provided

8    to Boyles by Plaintiff's counsel.  *See* Boyles Report ¶¶ 29-30.  One of these was an invoice for an

9    out-of-warranty repair on Plaintiff's vehicle, while the other was for a repair conducted in 2016 in

10   Panama City, Florida.  *See* Boyles Dep. Tr. 120:15-122:5.  While using these repairs to cross-

11   check his formula, Boyles otherwise challenges them as ineffective because they were not

12   conducted in accordance with Stapleford's specifications.  *Id.* at 56:3-16.

13   As for the second, Boyles filtered NNA's warranty data to identify in-warranty repairs,

14   both nationwide and in California, where the CSC was primary part replaced.  Despite this

15   analysis, Boyles was purportedly unable to provide an average price for the replacement parts, or

16   average labor amount, as specified by his formula.  *See* Boyles Report ¶¶ 31-34.

17   For the proposed California class, Boyles's analysis showed that since 2007, there have

18   been 1,348 warranty repairs where the CSC was the primary part replaced, over an estimated

19   vehicle population of 34,000.  *Id.* ¶ 34.  This small percentage of in-warranty repairs did not make

20   a difference in any of the opinions offered by Boyles, however.  *See* Boyles Dep. Tr. at 126:24-

21   127:6.  Nor would it make a difference, in his opinion, if the class member had purchased or

22   leased the vehicle, or whether the class member experienced any clutch issue prior to selling the

23   vehicle or before expiration of the lease.  *Id.* at 134:12-135:17.

24   **E.    Boyles' Conclusion.**

25   Based on the foregoing, Boyles concludes that his formula applies to every class member,

26   regardless of the risk of the vehicle manifesting a clutch issue, or whether the vehicle actually

27   manifested the alleged defect.  The sole exception would be those purchasers who were aware of

28   a potential clutch issue on or before the time of purchasing or leasing the vehicle.  Boyles

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE              - 5 -              CASE NO. 5:16-cv-05591-LHK (SVKx)
REPORT OF STEVEN BOYLES; SUPPORT BRIEF

believes, erroneously, that such persons are excluded from Plaintiff's proposed class definition. Boyles Dep. Tr. 73:2-74:16; 135:11-17.  Notably, his Report reflects no such exclusion.  Boyles Report ¶ 12 (setting forth proposed class definitions).[3]

### III.

### ARGUMENT

**A.**    **Standards For Determining Motion.**

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

To be admissible under Rule 702, expert testimony must be both "relevant" and "reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).  Relevance requires that testimony "logically advance a material aspect of the proposing party's case"; have a "valid scientific connection to the pertinent inquiry"; "fit" the underlying facts and issues; and be "helpful" to the fact-finder in deciding the case.  *Id.* at 591-92.

Reliability requires a "scientifically valid" methodology supported by "appropriate validation – *i.e.*, 'good grounds,' based on what is known."  *Id.* at 592-95; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 147-48, 152 (1999) (courts must "make certain" that every testifying expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field").

"The Ninth Circuit has approved of the application of the standard in *Daubert* to expert reports in support of or in opposition to motions for class certification."  *Philips*, 2016 WL 7428810 at *25 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)).

---

[3]    Boyles also testified that paragraph 28 of his Report regarding a reduction in class vehicles should be revised, because "the sentence as written I don't think is proper because nowhere am I referring to reduction in value."  Boyles Dep. Tr. at 129:23-25.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF                - 6 -                CASE NO. 5:16-cv-05591-LHK (SVKx)

**B.**     **Boyles' Report Does Not Provide Proper Opinion Testimony.**

The first step of Boyles' opinion—that damages for breach of implied warranty or violation of the Consumers Legal Remedies Act are determined under a benefit of the bargain measure—is not the proper subject of opinion testimony.  Whether the definition of "benefit of the bargain" in Black's Law Dictionary that Boyles consulted is an appropriate measure of damages is for the Court to determine.  *See Abaxis, Inc. v. Cepheid*, No. 10-CV-02840-LHK, 2012 WL 2979019, at *3 (N.D. Cal. July 19, 2012) (expert "cannot offer his opinion on purely legal matters" (citing *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999))).

Nor is the remainder of Boyles' opinion the proper subject of expert testimony.  Boyles' "formula" consists of—in his own words—the "straightforward" proposition that the cost of repair equals "the cost of labor, plus the related necessary cost of the parts to cure the defect." Boyles Dep. Tr. 107:11-14.  This "formula" is no more than a mathematical equation to calculate any repair (i.e., hours x labor rate + parts cost), and can be ascertained by reviewing any repair invoice—even the two repair invoices that Boyles used to verify his formula.  Nor is any expertise involved.  An elementary school student could be expected to apply this same arithmetic.  *See, e.g.*, www.mathgoodies.com/lessons/vol7/order_operations (last accessed February 14, 2018) ("Mr. Smith charged Jill $32 for parts and $15 per hour for labor to repair her bicycle.  If he spent 3 hours repairing her bike, how much does Jill owe him?").

Nor do Boyles' opinion become admissible simply because he relied on the information provided him by Plaintiff's counsel or Stapleford.  *See, e.g.*, *Waymo LLC v. Uber Tech., Inc*., No. C17-00939 WHA, 2017 WL 5148390 at **5-6 (N.D. Cal. Nov. 6, 2017) (excluding expert who "simply adopted the opinions and performed grade-school arithmetic counsel can do on an easel"); *LSQ Funding Grp., LC v. EDS Field Serv*s., 879 F. Supp. 2d 1320, 1326 (M.D. Fla. 2012) (damage expert's "simple arithmetic calculation" was not "beyond understanding of the average lay person" and therefore excluded).  Boyles has simply taken the parts and estimated labor time provided by Stapleford, and opined that these can be added together to determine the cost of repair.  That is not a proper subject for expert opinion.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF

- 7 -

CASE NO. 5:16-cv-05591-LHK (SVKx)

**C.     Boyles' Opinion Is Not Relevant.**

        In an analogous context, this Court accepted as "economically sound" an expected utility

model of damage due to the alleged failure to disclose a defect with a known safety risk.  *See*

*Philips*, 2016 WL 7428810 at *20 ("An 'expected utility' framework measures consumers'

perceptions of the risk of failure and calculates consumer's willingness to pay on these

measurements.").  However, the Court ultimately rejected the *Philips*' plaintiffs' proffered expert

opinion, because the expert (Dr. Arnold) quantified damages not based on expected utility, but

rather "'based on the amount Ford charged its dealers for the EPAS systems.'"  *Id.* at **20, 26.

        In so ruling, the Court emphasized that "Plaintiffs could have used survey data and other

empirical studies to show how consumers value the EPAS system with and without the alleged

defect."  *Id.* at *22.  As for the model Dr. Arnold employed, that model failed to measure the

expected utility of the component with the defect, and instead improperly assumed that the

expected utility was zero—an assumption that this Court found "unlikely" given the low failure

rate of the component and minimal injury claims associated with the defect.  *See id*. at *21.  The

Court excluded Dr. Arnold's opinions under Rule 702 because he did "not offer a theory of

damages consistent with Plaintiffs' theory of liability in this case."  *Id.* at *26.

        These same errors pervade the Boyles Report.  Despite the guidance provided by *Philips*,

Boyles did not attempt to measure, through customer survey data or other empirical studies, how

consumers value the clutch assembly with and without the allegedly defective CSC.  Indeed,

Boyles admits that he does not conduct customer surveys, and lacks expertise in determining the

market value of vehicles.  And his "formula" assumes that purchasers and lessees would ascribe

zero value to the original clutch assembly, as it provides no attempt to discount such value from

the damages total.  As in *Philips*, that assumption is unlikely to be true, given the lack of evidence

of any significant failure rate, and the lack of any reported failure incidents that involved a safety

risk.  Indeed, no witness, including Plaintiff's other consultant, has taken the position that the

safety risk requires asymptomatic clutches to be replaced prophylactically; and Plaintiff's failure

to allege facts to support such an allegation previously led this Court to dismiss his claims for

injunctive relief.  *See Nguyen v. Nissan N. Am., Inc*., No. 16-CV-05591-LHK, 2017 WL 1330602,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF                - 8 -                CASE NO. 5:16-cv-05591-LHK (SVKx)

1    at *5 (N.D. Cal. April 11, 2017).[4]

2        In addition, Boyles fails to account for putative class members who previously received

3    repairs to the clutch assembly.  As the Court explained in *Philips*, "[r]ecovering the full amount

4    of replacement of repair would be justified only if not a single class member received any benefit

5    from those replacements or repairs."  *Philips*, 2016 WL 7428810 at *23 (citation omitted).

6    Plaintiff's own experience demonstrates that he received a benefit from the repairs performed on

7    his vehicle, as his son continues to operate the vehicle following repair.  *See* **Exhibit D** to Stortz

8    Decl. (Deposition Transcript of Michael Nguyen) at 47:1-49:9.

9        In sum, Boyles "cost-of-repair" measure of damages is not a theory of damages that is

10   consistent with Plaintiff's theory of liability.  It should therefore be excluded under Rule 702 for

11   lack of relevance.

12   **D.    Boyles' Opinion Is Not Reliable.**

13       "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to

14   admit expert opinion evidence that is connected to existing data only by the *ipse dixit* of the

15   expert.  A court may conclude that there is simply too great an analytical gap between the data

16   and the opinion proffered."  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997).

17   Instead, "[e]xperts must follow some discernable methodology, and may not be 'a black box into

18   which data is fed at one end and from which an answer emerges at the other."  *GPNE Corp. v.

19   Apple Inc.*, 2014 WL 1494247 at *4 (N.D. Cal. April 16, 2014) (quoting *Lawrence v. Raymond

20   Corp.,* 2011 WL 3418324, at * 7 (N.D. Ohio Aug. 4, 2011) *aff'd,* 501 F. App'x 515 (6th Cir.

21   2012).

22       Here, Boyles offers only his *ipse dixit* that his formula can be applied on a classwide

23   basis.  From the limited data inputs he has been provided—the parts and labor estimates provided

24   by Stapleford—Boyles leaps to the sweeping conclusion that class damages can be determined *en

25   masse* for 34,000 different class vehicles, of seven different model types, sold or leased from

26   2007 until present.  Yet Boyles provides no discernable methodology by which he reaches this

27   ───────────────

28   [4]    While the Court granted Plaintiff thirty days leave to amend to state such facts, Plaintiff
     did not file a further amended Complaint.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF

- 9 -

CASE NO. 5:16-cv-05591-LHK (SVKx)

1    conclusion, much less a methodology that can be tested or evaluated for a known or potential rate

2    of error.  *See GPNE Corp.*, 2014 WL 1494247, at *5 (citing *Daubert*, 509 U.S. at 593-94).  He

3    otherwise concedes that he has not attempted to determine the actual price paid to purchase or

4    lease any of the class vehicles, or attempted to otherwise assess the market value of any vehicle.

5            The only apparent "methodology" Boyles offers are two attempts to verify his formula,

6    but each of these attempts fails on its own terms.  In the first attempt, Boyles compares his

7    formula to two repair invoices—an invoice for Plaintiff's out-of-warranty repair; and an invoice

8    for a 2016 repair in Florida, which were provided him by Plaintiff's counsel.  Yet Boyles

9    provides no discernable methodology as to why these invoices were selected, out of 34,000 class

10   vehicles, much less any attempt to ascertain the specific repairs conducted on the two vehicles

11   involved, or whether those repairs were representative of the repairs that would be performed

12   under his proposed formula.  And indeed, Boyles otherwise assumes that these two repairs are not

13   comparable to the repairs he and Stapleford proffer, as he challenges these two repairs as

14   ineffective because the repairs did not involve installing an aftermarket part such as specified by

15   Stapleford.  *See* Boyles Dep. Tr. 56:3-16.

16           Boyles' second verification attempt also falls far short.  Boyles recognizes that his

17   formula requires averages—specifically, five different average prices for the parts used, as well as

18   average hourly labor rates, over the entire class period dating back to 2007.  Yet he acknowledges

19   that he "was not provided with sufficient pricing data from which I could develop average prices

20   for each component."  Boyles Report ¶ 26.  As such, Boyles was unable to provide in his Report

21   an average price for the replacement parts, or average labor amount, as required by his formula.

22   Boyles Report ¶¶ 31-34.  Nor was Boyles provided data as to the aftermarket part Mr. Stapleford

23   proposes, or even information showing the part was available throughout the proposed class

24   period dating back to 2007.  While he reviewed data showing in-warranty repairs, that

25   comparison is apples to oranges, as Boyles otherwise challenges the in-warranty repairs as

26   ineffective because the repairs did not involve installing the part specified by Mr. Stapleford.  *See*

27   Boyles Dep. Tr. 139:8-16.

28           Absent any meaningful methodology to support Boyles' conclusion, the Court is left

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF          - 10 -          CASE NO. 5:16-CV-05591-LHK (SVKx)

1  simply to take his word that classwide damages can be measured using his formula.  That fails to

2  meet Plaintiff's burden of showing the Boyles Report is sufficiently reliable.  *See GPNE Corp.*,

3  2014 WL 1494247, at *6 (citing *Fail-Safe, L.L.C. v, A.O. Smith Corp.*, 744 F. Supp. 2d 870, 888

4  (E.D. Wis. 2010) ("the court cannot simply take an expert's word for a specific proposition")).

5  Because the Boyles Report is not reliable, it should be excluded on that ground as well.

6                                    **IV.**

7                               **CONCLUSION**

8          Plaintiff's motion for class certification fails, even if the Boyles Report were accepted by

9  the Court, based on the grounds set forth in in NNA's Opposition.  In addition, however, the

10 opinion expressed in the Boyles Report should be excluded, as the opinion is inadmissible under

11 Rule 702.

12

13 Dated: February 14, 2018                    DRINKER BIDDLE & REATH LLP

14

15                                             By:  /s/ Michael J. Stortz
                                               _____
16                                                 Michael J. Stortz
                                                   Marshall L. Baker
17
                                               Attorneys for Defendant
18                                             NISSAN NORTH AMERICA, INC.

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION & MOTION TO EXCLUDE
REPORT OF STEVEN BOYLES; SUPPORT BRIEF                - 11 -                CASE NO. 5:16-cv-05591-LHK (SVKx)