| | |
|---|---|
| 1 | MICHAEL J. STORTZ (SBN 139386) |
|   | michael.stortz@dbr.com |
| 2 | MARSHALL L. BAKER (SBN 300987) |
|   | marshall.baker@dbr.com |
| 3 | DRINKER BIDDLE & REATH LLP |
|   | 50 Fremont Street, 20th Floor |
| 4 | San Francisco, California 94105-2235 |
|   | Telephone:    415-591-7500 |
| 5 | Facsimile:    415-591-7510 |
| 6 | E. PAUL CAULEY JR. (admitted *pro hac vice*) |
|   | paul.cauley@dbr.com |
| 7 | S. VANCE WITTIE (*pro hac vice* to be filed) |
|   | vance.wittie@dbr.com |
| 8 | DRINKER BIDDLE & REATH LLP |
|   | 1717 Main Street, Suite 5400 |
| 9 | Dallas, TX 75201 |
|   | Telephone:    (469) 357-2500 |
| 10 | Facsimile:    327-0860 |
| 11 | Attorneys for Defendant |
| 12 | NISSAN NORTH AMERICA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUU NGUYEN, individually, and on behalf of a class of similarly situated individuals, | Case No. 5:16-cv-05591-LHK (SVKx) |
| Plaintiffs, | **REPLY BRIEF IN SUPPORT OF DEFENDANT NISSAN NORTH AMERICA, INC.'S MOTION TO EXCLUDE REPORT OF STEVEN BOYLES** |
| v. | |
| NISSAN NORTH AMERICA, INC., a California corporation, | Date:     July 5, 2018 |
| Defendant. | Time:     1:30 p.m. |
| | Ctrm:    8 – 4th Floor |
| | Judge:   The Honorable Lucy H. Koh |
| | Case Filed: September 30, 2016 |
| | Trial Date: October 5, 2018 |

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ............................................................................................................. 1
II. ARGUMENT ................................................................................................................... 1
    A.  Rule 702 Applies In Full To Boyles' Opinion. ................................................... 1
    B.  Boyles' "Formula" Lacks Foundation. ............................................................... 2
    C.  Plaintiff Has Not Shown that Boyles' Opinion Is Relevant ................................ 3
    D.  Plaintiff Has Not Shown that Boyles' Opinion Is Reliable ................................. 4
III. CONCLUSION ................................................................................................................ 6

Case 5:16-cv-05591-LHK   Document 91   Filed 03/07/18   Page 3 of 9

# **TABLE OF AUTHORITIES**

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426 (2013) ................................................................................................................3

*Daubert v. Merrell Dow Pharms., Inc.*
  509 U.S. 579 (1993) ........................................................................................................2, 4, 5, 6

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ........................................................................................................2

*Falco v. Nissan North America, Inc.*,
  2016 WL 1327474 (C.D. Cal. Apr. 5, 2016) ................................................................................5

*In re Ford Tailgate Litig.*,
  2015 WL 7571772 (N.D. Cal. Nov. 25, 2015) .................................................................1, 3, 5, 6

*GPNE Corp. v. Apple Inc.*,
  2014 WL 1494247 (N.D. Cal. April 16, 2014) ....................................................................4, 5, 6

*Nease v. Ford Motor Co.*,
  848 F.3d 219 (4th Cir. 2017) ....................................................................................................2, 6

*Philips v. Ford Motor Co.*,
  2016 WL 7428810 (N.D. Cal. April 11, 2017) .........................................................2, 3, 4, 5

STATUTES, RULES & REGULATIONS

Federal Rule of Evidence 702 ........................................................................................... *passim*

Federal Rule of Evidence 703 .................................................................................................2, 3

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY BRIEF IN SUPPORT OF MOTION TO
EXCLUDE REPORT OF STEVEN BOYLES
- ii -
CASE NO. 5:16-CV-05591-LHK (SVKX)

# I.

# INTRODUCTION

Plaintiff's Opposition ("Opp'n") fails to meet his burden of showing that the opinion of Steven Boyles ("Boyles") is admissible under Federal Rule of Evidence 702 ("Rule 702"). Rather than engage in a careful review of Boyles' opinion against the requirements of Rule 702, Plaintiff instead argues that Rule 702 applies only to "novel" expert opinions, and that the Court should abandon its gatekeeper role in favor of cross-examination at trial. These well-worn arguments are without merit, as a matter of law, under Rule 702.

And Plaintiff has not otherwise shown that Boyles' opinion is relevant and reliable, so as to cross the Rule 702 threshold. He presents the same *ipse dixit* that Boyles offers in his Report: an average cost of repair can be determined on a classwide basis—despite the lack of any average cost calculation—simply because Boyles says so. Plaintiff fails to show that Boyles relied on *any* specific methodology to reach that conclusion, and he does not attempt to defend either of Boyles' anemic attempts to verify that conclusion. His defense—that an average cost-of-repair damages model "is what accountants and damages experts do in every case regarding failure to disclose" (Opp'n at 2:13–14)—is not a methodology, much less a methodology that Boyles could or did employ. It follows that Plaintiff has not met his burden of demonstrating that Boyles' opinion is admissible under Rule 702.

# II.

# ARGUMENT

**A.    Rule 702 Applies In Full To Boyles' Opinion.**

Plaintiff argues that Rule 702 has only "qualif[ied]" application to Boyles' opinion, insofar as Boyles opines as to class damages, as opposed to "novel or "untested" theories. *See* Opp'n 3:9. This argument is contrary to law.

That a purported expert provides an opinion only as to damages hardly means that the opinion is exempt from Rule 702. *See, e.g., In re Ford Tailgate Litig.*, 2015 WL 7571772, at * 9 (N.D. Cal. Nov. 25, 2015) (granting motion under Rule 702 to exclude plaintiff's expert's testimony regarding alleged diminution in value due to alleged automotive defect). Plaintiff need look no

1  further than this Court's opinion in *Philips v. Ford Motor Co.*, 2016 WL 7428810 (N.D. Cal. April
2  11, 2017)("*Philips*") to ascertain that Rule 702 applies in full to opinions proffered to show that
3  class damages are susceptible to common proof. *See id.* at **25-26 (excluding plaintiffs' damages
4  expert under Rule 702)(citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)).
5  *See also Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017)(plaintiff's argument that
6  *Daubert* applies "only to novel scientific testimony" is "dead wrong[.]").  All expert opinions,
7  including opinions as to damages, must be relevant and reliable under Rule 702.

**B.     Boyles' "Formula" Lacks Foundation.**

Plaintiff also argues that Boyles' opinion should be insulated from review, because it is grounded in evidence produced during discovery, as required under Federal Rule of Evidence 703. But that is contrary to Boyles' own Report.

The core of Boyles' opinion – his so-called "formula" – is not grounded in evidence but rather in hypotheticals. His "formula" for average cost-of-repair consists of grade-school arithmetic applied to five averages: the average cost of four parts to be used in the repair, plus average hourly labor rate:

$$= \underbrace{((3.0 \times LR) + CSCT + CSC + IBK)}_{\text{Replace Concentric Slave Cylinder}} + \underbrace{((0.9 \times LR) + BF)}_{\text{Replace Clutch Fluid}}$$

Where:

LR – Average hourly labor rate
CSCT – Average Price of a Tube Concentric
CSC – Average Price of a Hydraulic Clutch Slave Cylinder
IBK – Average Price of an Insulator and Bolt Kit
BF – Average Price of Special Brake Fluid

Boyles Report ¶ 25.

As for the critical task of showing that these averages can actually be ascertained on a classwide basis, Boyles has done nothing. Boyles himself has not calculated any of these averages, and has not otherwise shown how such averages might be calculated in a meaningful and useful way. In fact, he confirms that he lacks adequate data from which to determine any of these five averages. He states that he "was not provided [with] sufficient pricing data from which I could develop average

prices for each component." Boyles Report ¶ 26. Even though Plaintiff's theory is that damages are measured at the time of purchase, Boyles has not determined the average price for any of the four parts at any point dating back to 2007. Boyles Dep. Tr. 99:17–100:6. And although the labor rates may differ, depending on geographic location and type of repair shop (independent vs. dealer), Boyles is unaware of the average hourly labor rate at any time dating back to 2007. *Id.* 101:10-102:25.

Rather than being grounded in evidence, Boyles' opinion lacks foundation as to any classwide average cost of parts or average cost of labor, and on that it basis fails to satisfy either Rule 702 or Rule 703.

And to the extent that Plaintiff argues that Boyles should be excused from providing any factual basis for his "formula" due to limitations of NNA's warranty data, his argument fails on three grounds. *First*, Boyles makes clear in his Report that he did not rely upon the NNA warranty data to generate his "formula," but rather to test his opinion that damages can be calculated on a classwide basis—which he claims to have succeeded in doing. *See* Report ¶¶ 31–34. *Second*, the information that Boyles used to derive his "formula" was obtained not from NNA, but rather from Plaintiff's counsel, Plaintiffs' expert Stapleford, or from Boyles' own online research. *See* Report ¶¶ 27–28 & nn 9–13 (describing sources from which Boyles derived his formula). *Third*, the Court's Scheduling Order required Plaintiff to obtain the evidence necessary to support his motion for class certification, including any expert opinion in support thereof, on a timely basis. Any shortcoming in that evidence is the responsibility of Plaintiff, not of NNA.

C.      **Plaintiff Has Not Shown that Boyles' Opinion Is Relevant.**

As the proponent of class certification, Plaintiff is obligated to present a damages model that fits the claims that have been proposed for class treatment. *Philips*, 2016 WL 7428810, at *19, citing *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013). This Court identified one such damages model in *Philips*. *See* 2016 WL 7428810, at * 20 (describing expected utility model); *see also In re Ford Tailgate Litig.*, 2015 WL 7571772, at * 9 (diminution in value may be measured by comparison to other vehicles).

Despite this direction, Plaintiff proposes to meet his *Comcast* burden through a class damages model that is inconsistent with the two claims he seeks to certify for class treatment. As

NNA pointed out in its moving papers, the model does not "fit" class members whose vehicles had received repairs previously. *Philips*, 2016 WL 7428810, at * 23 ("[r]ecovering the full amount of replacement or repair would be justified only if not a single class member received any benefit from these replacements or repairs."). Nor would the average cost of repair apply to putative class members with knowledge of the alleged defect at the time of purchase or lease, as Boyles himself concedes. *See* Boyles Dep. Tr. 73:2-74:16; 135:11-17.

Plaintiff's Opposition provides scant response to these arguments. He asserts that subsequent repairs can be ignored in calculating damages, because restitution is measured at the time of sale. Opp'n at 9:15-23. Yet this Court rejected a cost-of-repair measure of damages in *Philips,* even while recognizing that damages may be measured at the time of purchase. *See* 2016 WL 7428810, at **21, 23.

Plaintiff also acknowledges that Boyles' opinion would not apply to class members who had knowledge of the alleged clutch assembly defect, but says that the scope of the proposed class is a "legal question" that is not the province of the expert. Opp'n at 11:2–4. But Plaintiff—not the Court—has proposed the class definition. That his expert's proffered damages model does not fit the claims of all members of his proposed class confirms that the model should be excluded. *See Daubert*, 509 U.S. at 591-592 (relevancy requires that the expert testimony "fit" the underlying facts and issues, and be "helpful" to the finder of fact).

### D. **Plaintiff Has Not Shown that Boyles' Opinion Is Reliable.**

As the proponent of the expert, Plaintiff bears the burden of showing by a preponderance of evidence that Boyles' opinion is sufficiently reliable. *See Daubert v. Merrell Dow Pharms., Inc*. 509 U.S. 579, 589, 592 n. 10 (1993). The critical factors in assessing reliability is the methodology followed by the expert and whether that methodology can be tested or evaluated for a known or a potential rate of error. *See GPNE Corp. v. Apple Inc.,* 2014 WL 1494247, at *5 (N.D. Cal. April 16, 2014), citing *Daubert*, 502 U.S. at 593–594. In its moving papers, NNA demonstrated that the two attempts employed by Boyles to verify his "formula" were inadequate on their own terms. *See* Motion to Exclude [Dkt. 81] at 10:5–27.

In opposition, Plaintiff does not even attempt to defend Boyles' attempts to verify his

"formula." He instead asserts (without citation to evidence) that Boyles' opinion that his damages formula "can be applied on [a] classwide basis" is reliable, simply because "it is what accountants and damages experts do in every case regarding failure to disclose." Opp'n at 2:13–14; *see also id*. at 2:13–14 (same).[1]

But this rhetoric fails to meet Plaintiff's burden. Plaintiff must show the admissibility of Boyles' opinion not through hyperbole, but rather by a preponderance of evidence. "[T]he court cannot simply take an expert's word for a specific proposition." *GPNE Corp. v. Apple Inc.,* 2014 WL 1494247, at *6; *see also In re Ford Tailgate Litig.*, 2015 WL 7571772, at * 9 (rejecting expert's damages conclusion on the ground that expert "has not actually described any methodology used to reach that conclusion.").

Plaintiff here has presented no evidence for the proposition that Boyles' average cost-of-repair damages model is what accountants and damages experts "do" in every omission case, or explained how the work of accountants in other unidentified matters might show that Boyles' work in this case met Rule 702's requirements.[2] As the Court is well aware, experts differ significantly on how they employ any given methodology, and those differences can determine whether the resulting opinion is admissible or not under Rule 702. *See, e.g., Philips*, 2016 WL 7438810, at ** 20, 26 (expert correctly concluded that appropriate damages model would reflect probability of component failure, but his opinion was excluded for failing to "apply this model"). Nor is it sufficient under Rule 702 for Plaintiff to show – which he has not – that a particular methodology has been employed by a majority of experts. *See Daubert*, 509 U.S. at 597-598 (rejecting "general acceptance" as primary criterion for admitting opinion testimony).

Against this backdrop, it is clear that Plaintiff's assertion that "everyone does it" is no methodology at all. It can no more be tested for known or potential errors than could the proposed

---

[1]  Plaintiff also contends that Boyles' "formula," in and of itself, reflects "his demonstrated expertise[,]" because the "underlying economic principles" are not "easily interpreted." But Boyles himself testified that his "formula" was in fact "fairly straightforward" and consists of nothing more "the cost of labor, plus the related necessary cost of the parts[.]" Boyles Dep. Tr. 107:11-14.

[2]  Plaintiff cites precisely one other case involving an average cost of repair as a proposed class damages model, but that case did not address a challenge under Rule 702. *See Falco v. Nissan North America, Inc.,* 2016 WL 1327474 (C.D. Cal. Apr. 5, 2016).

expert's "30 years of experience" in *GPNE Corp*. *See id.,* 2014 WL 1494247, at *5. Nor has Boyles himself attempted to support his opinion in this matter by comparison to the opinions of other forensic accountants or damages experts in other cases. Indeed, Boyles himself testified that despite many years as a forensic accountant, he had presented such an opinion to a court in only one other case, and that opinion was provided at the request of Plaintiff's counsel. Boyles Dep. Tr. 21:11-24.[3] Plaintiff has thus failed to show that Boyles employed any methodology, much less a reliable methodology, to support his opinion. *See In re Ford Tailgate Litig.*, 2015 WL 7571772, at * 9 (rejecting expert opinion not supported by comparison or analysis).

Also unavailing is Plaintiff's refrain that the Court should fulfill its gatekeeper obligation by allowing NNA to cross-examine Boyles before the finder of fact. *See* Opp'n at 4. That general proposition would render Rule 702 and *Daubert* meaningless, and has been consistently rejected. *See, e.g., Nease*, 848 F.3d at 230–231 (by relegating defendant to cross-examination at trial, the district court erroneously "delegate[ed] the court's gatekeeper responsibility to the jury."). That Plaintiff repeatedly asks for the Court to forgo or to limit its scrutiny of Boyles' opinion under Rule 702 speaks volumes as to whether those opinions are admissible.

### III.
### **CONCLUSION**

For the foregoing reasons, as well as those set forth in NNA's moving papers, its motion to exclude the opinion of Boyles should be granted.

Dated: March 7, 2018                            DRINKER BIDDLE & REATH LLP


                                                By: /s/ Michael J. Stortz
                                                    Michael J. Stortz
                                                    Marshall L. Baker

                                                Attorneys for Defendant
                                                NISSAN NORTH AMERICA, INC.

---

[3] The district court in that matter (*Victorino v. FCA*) has not yet ruled on the motion of defendants to exclude Boyles' opinion.

REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE REPORT OF STEVEN BOYLES - 6 - CASE NO. 5:16-cv-05591-LHK (SVKx)